LINDA U. KRAUSE v. HERBERT E. KRAUSE

HOUSE, C. J., COTTER, LOISELLE, BOGDANSKI and LONGO, Js.

Argued December 6, 1977—decision released March 7, 1978

*Herbert V. Camp, Jr.,* for the appellant (defendant).

*Julius B. Kuriansky,* with whom was *Marshall Goldberg,* for the appellee (plaintiff).

COTTER, J. The basic issues decisive on this appeal are whether the trial court abused its discretion (1) in failing to make an award or assignment of property to the defendant based upon his claim that the plaintiff had an opportunity for future acquisition of capital assets and income from her parents and (2) in failing to admit into evidence the plaintiff's mother's testimony of her net worth. The court rendered judgment dissolving the marriage, granted custody of the minor child to the plaintiff, and ordered the defendant to pay child support of $50 per week and to maintain health insurance for the minor child's benefit. The judgment further provided that "neither the plaintiff nor defendant is entitled to support or a further division of each other's property and each may retain the assets shown on his or her financial affidavit, and that the defendant may retain the items and sums taken by him when he left the home."

The defendant does not specifically assign error in the court's conclusions that neither party is entitled to alimony or any further division of each other's property. Each of the conclusions which the defendant does challenge is amply supported by the

unattacked findings of fact which include the facts that the defendant regularly drank huge amounts of alcohol daily, causing him to become grossly overweight; that he presently has gross earnings of $445 per week; that he made no contribution toward the acquisition, preservation or appreciation in value of any of the plaintiff's assets; and that certain income-producing assets held by the plaintiff were not totally secure. It is the defendant's position that the court erred in failing to consider all the factors outlined in § 46-51 of the General Statutes[1] in reaching its conclusion regarding the assignment of property. Its determination regarding the type and amount of property to be assigned in an action for divorce or dissolution of a marriage is based upon

---

[1] "[General Statutes] Sec. 46-51. ASSIGNMENT OF PROPERTY AND TRANSFER OF TITLE. At the time of entering a decree annulling or dissolving a marriage or for legal separation pursuant to a complaint under section 46-36, the superior court may assign to either the husband or wife all or any part of the estate of the other; and may pass title to real property, without any act on the part of either the husband or the wife, to the other party or to a third person or may order the sale of such real property, when in the judgment of the court, it is the proper mode to carry such decree into effect. A conveyance made in pursuance of such decree shall vest title in the purchaser thereof, and shall bind all persons entitled to life estates and remainder interests in the same manner as a sale ordered by the court pursuant to the provisions of section 52-500. Such decree having been recorded on the land records in the town where such estate is situated, shall effect the transfer of the title of such real property as if it were a deed of the party or parties. In fixing the nature and value of the property, if any, to be so assigned, the court, after hearing the witnesses, if any, of each party, except as provided in subsection (a) of section 46-48, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

the circumstances of the parties to the action and is within the court's sound discretion, taking into account the criteria set forth in § 46-51 of the General Statutes. See *Chambliss* v. *Chambliss*, 171 Conn. 278, 370 A.2d 924. Although the finding did not recite the precise language of § 46-51 regarding the factors to be considered in reaching a conclusion relative to an assignment of property, the finding, taken as a whole, and the memorandum of decision clearly indicate that it fully considered and took into account the appropriate statutory criteria.

A finding will not be corrected by the addition of facts as requested in the draft finding which will not affect the result; *Rushchak* v. *West Haven*, 167 Conn. 564, 566, 356 A.2d 104; which are merely detailed restatements of facts already in the finding; *Cleveland* v. *Cleveland*, 165 Conn. 95, 96, 328 A.2d 691; or which do not appear in the draft finding. *Kaskel* v. *Steinberg*, 142 Conn. 379, 381, 114 A.2d 853. Similarly, findings made by the trial court which are supported by evidence printed in the appendix to the plaintiff's brief, or which are immaterial to the issues on appeal, will not be stricken. Practice Book § 627.

The defendant's final claim of error relates to the decision of the trial court in sustaining the plaintiff's objection to the admission of testimony of the plaintiff's mother, Mrs. Lenore Urdang, regarding her net worth. From 1968 to the date of the trial, the plaintiff received income from investments and gifts from her parents, who customarily gave her and the minor child $3000 each year. Mrs. Urdang testified that she and her husband wished to provide for the plaintiff and their granddaughter and that there was a will "some ten years ago, but we are

just negotiating with different lawyers, also with the accountant, to change the whole thing." The trial court ruled, however, that testimony as to the net worth of the plaintiff's mother, which the defendant claimed on cross-examination so that the court "might have available evidence of the potential inheritance of the wife," was inadmissible. The court's ruling cannot be said to be an abuse of discretion since under the circumstances surrounding the vesting of a "potential inheritance of the wife," as the defendant describes it, the expectancy according to the testimony elicited and appearing in the finding and transcript is, at best, speculative. " 'Expectancy' is the bare hope of succession to the property of another, such as may be entertained by an heir apparent. Such a hope is inchoate. It has no attribute of property, and the interest to which it relates is at the time nonexistent and may never exist." *Johnson* v. *Breeding,* 136 Tenn. 528, 529, 190 S.W. 545. The moment of the decedent's death determines the right of inheritance or testamentary succession. *Emanuelson* v. *Sullivan,* 147 Conn. 406, 409, 161 A.2d 788; 23 Am. Jur. 2d, Descent and Distribution, § 14.

There is no error.

In this opinion the other judges concurred.