[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
The plaintiff, the son of John Kucej who died intestate on January 7, 1992, brought this appeal from the Probate Court order appointing the defendant, Anna Kucej, administratrix of her late husband's estate. On July 30, 1992, the Probate Court, Shannon, J. signed a decree allowing an appeal from probate wherein August 18, 1992 was identified as the return date for the appeal. Subsequently, the plaintiff, without approval of the court, amended the summons to show a return date of August 25, 1992. The plaintiff returned process to the court on August 13, 1992. CT Page 798
The defendants have filed a motion to dismiss on the grounds that (1) the plaintiff is not aggrieved for purposes of General Statutes section 45a-186, and (2) process was not timely returned.
On October 6, 1992, the plaintiff filed a motion to rectify the decree allowing an appeal with the probate court; in that motion he asked the court to approve the August 25, 1992 return date. On October 30, 1992, the probate court, Shannon, J., issued a decision stating that as August 25, 1992, was a proper return date, there was no need to amend the decree following an appeal.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. Practice Book section 142." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687,490 A.2d 509 (1985). A motion is to dismiss is proper where there is: (1) lack of jurisdiction over the subject matter, (2) lack of personal jurisdiction, (3) insufficiency of service of process. Practice Book section 143. Subject matter jurisdiction is the power of the court "`to hear and determine cases of the general class to which the proceedings in question belong.'" (Citations omitted.) Castro v. Viera, 207 Conn. 420, 427, 541 A.2d 1216 (1988). A court "lacks subject matter jurisdiction only if it has no competence to entertain the action before it." Bridgeport v. Debek, 210 Conn. 175, 180,554 A.2d 728 (1989).
Appeals from Probate are governed by General Statutes section 45a-186 which provides, in pertinent part, that "[a]ny person aggrieved by any order, denial or decree of a court of probate in any matter . . . may appeal therefrom to the superior court for the judicial district in which such court of probate is held." (Emphasis added.) General Statutes section 45a-186. Where the plaintiff is not aggrieved, the superior court lacks subject matter jurisdiction, and the appeal is subject to dismissal. Zempsky's Appeal from Probate,6 Conn. App. 521, 524, 506 A.2d 1050 (1986). "`In determining whether an appellant has a grievance . . . the question is whether there is a possibility, as distinguished from a certainty, that some legally protected interest which he has in the estate has been adversely affected.' O'Leary v. McGuiness, [140 Conn. 80, 83, 97 A.2d 660
(1953)]" Erisoty's Appeal from Probate, 216 Conn. 514, 519,582 A.2d 760 (1990), quoting Gaucher v. Estate of Camp, 167 Conn. 396,400-401, 355 A.2d 303 (1974). To determine whether a party was aggrieved "`"the two parts of aggrievement need to be considered: (1) the nature of the appellant's interest, and (2) the adverse effect. if any, of the Probate Court's decision on that interest."'" Id., 520 CT Page 799 quoting Baskin's Appeal from Probate, 194 Conn. 635, 638,484 A.2d 934 (1984). The burden is on the appellant to establish aggrievement. Weill v. Lieberman, 195 Conn. 123, 124-25,486 A.2d 634 (1985).
In the instant action the court considers (1) whether the appellant's interest as an heir at law is a legally protected interest in the decedent's intestate estate, and if so, (2) whether the appointment of Anna Kucej as administratrix adversely affected this interest. "The qualifying interest may be a direct pecuniary one, or it may consist of an injurious effect upon some legally protected right or status of the appellant." (Citation omitted.) Dept. of Income Maintenance v. Watts, 211 Conn. 323, 326, 558 A.2d 998 (1989).
The appellant alleges that he is the son of the decedent and an heir of law of the decedent's estate. The son of a decedent may have a pecuniary interest in the intestate estate of that person. and this interest is protected by law. See General Statutes section 45a-437[1] and 45a-438.[2] Accordingly, the appellant meets the first prong of the aggrievement test.
However, the appellant has failed to establish that the appointment of Anna Kucej as administratrix has directly and adversely affected his pecuniary interest in the decedent's intestate estate. The appellant argues that, due to the hostility between himself and Anna Kucej, (1) she expressed, prior to her appointment, her intention to recover his personal assets for the estate, (2) she made personal threats to damage his reputation in the community thereby demonstrating her hostility toward the appellant, and (3) a few weeks after her appointment she filed a lawsuit, on behalf of the estate and herself individually, against the appellant claiming equitable title to 50% of various properties held by the appellant.
The aforementioned facts do not establish that the appellant's interest as an heir at law has been adversely affected. The facts merely establish that his interest in said properties may be adversely affected. However, even if his interest in the various properties were sufficient, Anna Kucej's appointment as administratrix would not adversely affect his interest since anyone appointed as administrator of the estate would be required to institute an action to recover any equitable interest the estate may have in the various properties.
General Statutes section 45a-234 and 45a-235 set forth the powers of a fiduciary.[3] Section 45a-234 provides, in relevant part, CT Page 800 that a fiduciary has the power "to compromise, adjust, arbitrate, sue on or defend, abandon, or otherwise deal with and settle claims in favor of or against the estate. . . ." General Statutes section 45a-234
(18). Section 45a-235 provides, in pertinent part, that a fiduciary has the power "[t]o exercise every power and discretion in the management of the estate . . . as the fiduciary would have if it were the absolute owner thereof." General Statutes 45a-235 (27). If an estate has a viable claim against another, the administratrix of the estate has a fiduciary duty to bring such claim on the estate's behalf. Ramsdell v. Union Trust Co., 202 Conn. 57, 66,519 A.2d 1185 (1987), citing Butler v. Sisson, 49 Conn. 580, 588
(1882). Anna Kucej, as administratrix, not only has the power to institute a viable claim against the appellant, but also has a fiduciary obligation to do so. Therefore, the appellant has failed to demonstrate that his interest has been adversely affected by her appointment.
Because the appellant has failed to meet his burden of establishing aggrievement, and since he is not aggrieved for purposes of section 45a-186, the court lacks subject matter jurisdiction and accordingly, the motion is dismiss is granted. The foregoing issue is dispositive of the motion and the court need not discuss the defendants' other ground for dismissal.
Leheny, J.