[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiffs are Salvatore Rizzo, a Potential heir-at-law of Angelina Rizzo, and William G. Grady, the court-appointed attorney for Angelina Rizzo, now incapable. The plaintiffs are appealing the denial of their application to remove James Salonia and Sebastian Marino as co-conservators of the defendant, the Estate of Angelina Rizzo, based on an alleged conflict of interest.
The alleged conflict of interest arises from a probate decision in a companion case, involving the will of Lucy Magnano, the sister of Angelina Rizzo. On September 8, 1992, the probate court found in part that the Magnano will created a life estate in Angelina Rizzo, with the remainder after the life estate vested in Marino and Salonia. Marino and Salonia also served as co-conservators of the Estate of Rizzo. On October 2, 1992, the Plaintiffs in the present case filed an appeal from the decree of the probate court regarding Magnano's will. The plaintiffs then filed the present application for the removal of the conservators CT Page 8466 on October 5, 1992, based on the conflict of interest between the conservators, duty to the Estate of Angelina Rizzo and their remaindermen status under the will of Magnano.
The probate court, Marino J., denied the application for removal on March 10, 1993, because it could not find either that the co-conservators were incapable of executing their trust or that they neglected to perfrom [perform] their duties. The plaintiffs filed a motion for appeal on April 5, 1993, along with the required Recognizance and Probate Bond. The decree allowing appeal issued on April 5, 1993. The defendant filed a motion to dismiss the appeal on May 25, 1993, challenging the plaintiffs' standing to bring the appeal based on their lack of aggrievement. The plaintiffs also indicated that Marino had died on the day he was served with the motion for appeal, and therefore Salonia is now a sole conservator. The defendants filed a supporting memorandum of law as required by Practice Book 143, and the plaintiffs timely filed their memorandum in opposition.
"A motion to dismiss is the proper vehicle for challenging the subject matter jurisdiction of the court." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). "Subject matter jurisdiction is the power of the court to hear and determine cases to which the proceedings in question belong"; (internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 542, 590 A.2d 914, 922 (1991); and "[i]t is axiomatic that once the issue of subject matter jurisdiction has been raised, it must be immediately acted upon by the court." Id., 545. The plaintiff "lacks standing is a challenge to the subject matter jurisdiction of the court"; Nationwide Mutual Ins. Co. v. Pasion, 219 Conn. 764, 767, 594 A.2d 468 (1991). The defendant's motion was timely filed under Practice Book 145.
"Appeals from Probate are governed by General Statutes45a-186, which provides, in pertinent part, that `[a]ny person aggrieved by any order, denial or decree of a court of probate in any matter . . . may appeal therefrom to the superior court for the judicial district in which such court of probate is held.'" Kucej v. Kucej, 8 CSCR 117 (January 6, 1993, Leheny, J.), quoting General Statutes 45a-186. "[A]ppeals from Probate Court decisions are statutory appeals that ordinarily require the appellant to establish his interest and the nature of his aggrievement. — Weill v. Lieberman, 195 Conn. 123, 124-25,486 A.2d 634 (1985). "Where the plaintiff is not aggrieved, the superior court lacks subject matter jurisdiction, and the appeal CT Page 8467 is subject to dismissal." Kucej v. Kucej, supra, citing Zempsky's Appeal from Probate, 6 Conn. App. 521, 524, 506 A.2d 1050 (1986). "The burden is on the appellant to establish aggrievement." Id., citing Weill v. Lieberman, Supra.
"The existence of aggrievement depends upon `whether there is a possibility, as distinguished from a certainty, that some legally protected interest which [an appellant] has in the estate has been adversely affected.'" Merrimac Associates, Inc. v. DiSesa, 180 Conn. 511, 516, 429 A.2d 967 (1980), quoting O'Leary v. McGuinness, 140 Conn. 80, 83, 98 A.2d 660 (1953). "Moreover, it must appear that the interest which is adversely affected is a direct interest in the subject matter of the decree from which the appeal is taken." (Citations omitted.) Id. "The mere statement that the appellant is aggrieved, without supporting allegations as to the particular nature of the aggrievement, is sufficient." Maloney v. Taplin, 154 Conn. 247, 250224 A.2d 731 (1966).
In determining whether a party is aggrieved, "two parts of aggrievement need to be considered: (1) the nature of the appellant's interest, and (2) the adverse effect, if any, of the Probate Court's decision on that interest." Baskin's Appeal from Probate, 194 Conn. 635, 638, 484 A.2d 934 (1984). The only interest of plaintiff Rizzo alleged in the motion for appeal is his status as a potential heir-at-law of Angelina Rizzo.
"The mere possibility of future inheritance cannot support an appeal by one who is not otherwise directly aggrieved." (Citations omitted.) Maloney v. Taplin, supra, 250. Moreover, "[e]xpectancy is the bare hope of succession to the property of another, such as may be entertained by an heir apparent. Such hope is inchoate. It has no attribute of property, and the interest to which it relates is at the time nonexistent and may never exist." Krause v. Krause, 174 Conn. 361, 365,387 A.2d 548 (1978). As Judge Higgins found in his memorandum of decision in the companion appeal: Salvatore Rizzo's interest as an heir-at-law in Angelina Rizzo's future estate is a bare hope of succession, that at the present does not exist and may never exist. Salvatore Rizzo has no legally protected interest which would give him standing to bring this probate appeal." Rizzo v. Estate of Magnano, Superior Court, judicial district of Middlesex, Docket NO. 67079 (August 5, 1993). the motion to dismiss the appeal of the plaintiff Rizzo is granted. See Buchholz's Appeal from Probate, 9 Conn. App. 413, 417, 519 A.2d 615 (1987), CT Page 8468 and cases cited therein.
William Grady was appointed to represent Angelina Rizzo's interest back in 1987, before a conservator was appointed. "One who has the legal duty to protect the interests of another has standing to appeal an order which adversely affects those interests." Maloney v. Taplin, supra, 251 citing O'Leary v. McGuiness, supra, 85. "The right to appeal in a representative capacity is predicated on a person having a legal or fiduciary duty to protect the interests of those whom he purportedly represents." McNeil v. Tyson, 37 Conn. Sup. 624, 626,432 A.2d 328 (1981).
A motion to dismiss admits all well-pleaded facts and construes them in the light most favorable to the plaintiff. Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45 (1983). Grady has sufficiently alleged that he is a court-appointed legal representative of Angelina Rizzo, and has a duty to protect her interests. The pleadings sufficiently allege a conflict of interest on the part of the now sole conservator, between his interest as remainderman under Magnano's will and his duty to defend the interests of Angelina Rizzo and to protect her rights. William Grady has standing to appeal the legal interests of Angelina Rizzo, and the pleadings allege a possible adverse effect of the decree appealed from. Grady is an aggrieved party within the meaning of General Statutes 45a-186, and the motion to dismiss the appeal is denied with regard to him. See Rizzo v. Estate of Magnano, supra, 10-11.
WALSH, J.