[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION IN LIMINE
The defendant, by way of a Motion in limine, moves this court to issue an order precluding the Plaintiff from introducing any evidence relating to the corpus of fourteen (14) family trusts in which he has various interests. The interests of the defendant are not necessarily defined in the documents themselves and may require testimony from the defendant as well as financial experts in order to fix the nature and the value of the defendant's exact interest.
The trusts in this case currently provide an annual income to the defendant in excess of $100,000. As has been well stated by the Honorable Dennis Harrigan in the case of Carlisle v.Carlisle, 12 Conn. L. Rptr. 535 9 CSCR 1200 (November 21, 1994):
 In an action for dissolution, the court may assign to either the husband or the wife "all or any part of the estate of the other person." Connecticut General Statutes § 46b-81 (a) (West, 1993). In shaping alimony awards, each party's "estate" is one of the factors the court shall consider. Connecticut General Statutes § 46b-82. The court may assign property which either spouse received through inheritance. 7 Arnold H. Rutkin, Ellen J. Effron, Kathleen A. Hogan, Connecticut Practice Book 25.1. See also North v. North, 183 Conn. 35, 438 A.2d 807 (1981). However, the court is limited to distributing property in which a party has a presently existing interest. Rutkin, supra, 25.1. See also Rubin v. Rubin, 204 Conn. 224, 527 A.2d 1184 (1987). Although no one factor is determinative of a financial award, and each factor need not be discussed with equal depth, it would be error to exclude testimony on any one statutory CT Page 12602 factor. Gallo v. Gallo, 184 Conn. 36, 49-50, 440 A.2d 782, 789 (1981); Valante v. Valante, 180 Conn. 528, 532, 429 A.2d 964 (1980); Posada v. Posada, 179 Conn. 568, 573, 427 A.2d 406 (1980).
In the case at bar, the defendant's interests in the irrevocable trusts are present existing property rights. The defendant currently receives income, as the primary beneficiary, from four (4) of the trusts: The H. Smith Richardson, Jr. 1957 Trust; The H. Smith Richardson, Jr. 1959 Trust; the H. Smith Richardson, Jr. 1977 Trust; and the H. Smith Richardson, Jr. 1935 Trust. The defendant has a vested per capita interest in The Bald Mountain Trust, September 12, 1969, and The H. Smith Richardson, Sr. Testamentary Trust, which interests are only conditioned on his survival to a date certain. While the defendant's interest is conditioned upon survival, it may be that his interest is assignable to a third person which assignability may be susceptible of valuation. The defendant lists five trusts in which he claims to have a contingent interest only. In four of these trusts, the defendant's interest are, again, conditioned only on the survival of the grantor to a date certain. In the Adele Richardson 1984 Trust, the defendant's interest will vest if the grantor is still living on October 31, 1996. In the Adele Richardson 1990 Trust, the defendant's interest will vest if the grantor is still living on July 1, 2000. The same is true of the H. Smith Richard, Jr. 1990 Trust. In the Grace Jones Richardson Trust dated December 28, 1934, the defendant has a one-sixth interest, which he has assigned, as he may also do in the other trusts. In the Adele Richardson 1994 Trust, the defendant's interest will be one-sixth of the principal and income remaining on January 4, 1996.
In Carlisle, Judge Harrigan held that vested remainders conditioned on survival are subject to the court's determining property and alimony award. Nine of the fourteen trusts fall within this description — the four income trusts, the three discretionary trusts and the health care and life insurance trusts. As for those trusts in which the defendant has a contingent interest, the relative certainty that his interests will vest in the near future support their admissibility.Bartlett v. Bartlett, 220 Conn. 372 (1991). The present value of those trusts is conditioned by the defendant's ability to assign his interests. None of those trusts contain inalienability clauses. Tremaine v. Tremaine, 234 Conn. 45, 66
CT Page 12603 (1995).
"(T)he trial court's determination of the defendant's income should include the trust income reasonably to be expected from the prudent investment of the trust corpus." Id.
Therefore, the trust corpus may also be admitted for the limited purpose of determining if it has been prudently invested.
The court shall consider all of the criteria of § 46b-81 (c) and 46b-82. Under § 46b-81 and § 46b-82, one of those factors is the amount and sources of income. Under both sections of the statutes, one of those factors is the "estate" of each of the parties and under § 46b-81 "the opportunity of each of the parties for future acquisition of capital assets and income." The provisions of each of the trust instruments, and the assets thereof is material and relevant to these factors. Of course, if the plaintiff is unable to prove the trusts' actual value to the defendant, then the trial court may not consider the value of the entire trust corpus as an asset of the defendant when establishing its award of periodic alimony. Id.
As was stated by Judge Harrigan in Carlisle:
 Under Connecticut statutory and decisional law, the court has broad discretionary powers in shaping financial awards at dissolution. The court shall consider all statutory criteria including the "estate" of each. Future interests subject to conditions of survival are cognizable assets. Future interests subject to conditions may be valued by applying actuarial principles. That the court considers a future interest, in its equitable determination, does not require the court to distribute the interest. However, it would be error for the court to exclude testimony on any one statutory factor.
For all of the foregoing reasons, the defendant's motion is denied.
MINTZ, J.