[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO DISQUALIFY CODED #123
The defendant has sought a motion to disqualify, the law firm of Lynch, Traub, Keefe and Errante and Attorney Hugh F. Keefe individually, from representing the plaintiff in the above action.
The defendant's motion is based on Rule 1.9 and Rule 3.7 of the Rules of Professional Conduct.
The court finds the following facts. The plaintiff has been a partner in the law firm of Lynch, Traub, Keefe and Errante since approximately 1984. The parties have been separated on and off CT Page 10096 since October, 1995. In August of 1998 counsel for the plaintiff issued a subpoena to produce various financial records at a deposition upon the defendant's mother, Vilma Esposito. Vilma Esposito is the mother of the defendant. The plaintiff's law firm represented Vilma Esposito in 1994 regarding the issue of preparing a will. There was approximate forty minute conference with one of the attorneys from the law firm representing the plaintiff. The defendant was present during a part of that conference. There was a discussion between Vilma Esposito and the attorney regarding finances. A determination was made that Vilma Esposito did not need a will since her various savings deposits were in joint names. During that conference Vilma Esposito mentioned various IRAs and pension accounts and the beneficiaries of those accounts on her death. No will was prepared on her behalf. She has not seen any member of the law firm since that initial conference. At that conference the following three documents were prepared: (1) a power of attorney; (2) a durable power of attorney; and (3) a living will.
A. The Claim of Disqualification Under Rule 1.9.
Rule 1.9 provides as follows:
 "A lawyer who has formerly represented a client in a matter shall not thereafter: (a) represent another person in the same or a substantially related matter in which that person's material interests are materially adverse to the interests of the former client unless the former client consents after consultation; or (b) use information relating to the representation to the disadvantage for the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known."
The court finds that the representation of the defendant's mother does not involve a substantially related matter to the present action. The court further finds that the plaintiff's material interests are not materially adverse to the interest of the defendant's mother. The fact that the defendant may receive some of the assets of her mother will probably not be admissible in the underlying limit to contest a trial. At the time of trial the court is limited by the amount of property in its hands for division and a mere expectancy is not subject to division. Rubinv. Rubin, 204 Conn. 224 (1987); Krause v. Krause, 174 Conn. 361
(1978). Rule 1.9(b) further prohibits an attorney from using information relating to the representation of a former client to CT Page 10097 the disadvantage of the former client. The defendant's mother prefers that her children including the defendant not have information regarding her personal financial status. Whether any of the information obtained at the time of the conference for the defendant, s mother in 1994 will be attempted to be used in the deposition scheduled of the defendant's mother will have to await that deposition. In the event counsel for the plaintiff uses any information that was obtained in that 1994 conference to the disadvantage of the defendant's mother then at that point in time counsel for the defendant will again have the right to raise the issue of disqualification.
In discussing disqualification under Rule 1.9 the court inBergeron v. Mackler, 225 Conn. 391 (1993)
 Disqualification of counsel is a remedy that serves to "`enforce the lawyer's duty of absolute fidelity and to guard against the danger of inadvertent use of confidential information.'" In disqualification matters, however, we must be "solicitous of a client's right freely to choose his counsel:" mindful of the fact that a client whose attorney is disqualified may suffer the loss of time and money in finding new counsel and "may lose the benefit of its longtime counsel's specialized knowledge of its operations." Id. The competing interests at stake in the motion to disqualify, therefore are: (1) the defendant's interest in protecting confidential information: (2) the plaintiffs' interest in freely selecting counsel of their choice: and (3) the public's interest in the scrupulous administration of justice.
 Thus, an attorney should be disqualified if he has accepted employment adverse to the interests of a former client on a matter substantially related to the prior representation. This test "has been honed in its practical application to grant disqualification only upon a showing that the relationship between the issues in the prior and present cases is "patently clear" or when the issues are "identical" or "essentially the same." State v. Jones, supra, 449.
The court finds that there is no credible evidence presented that the relationship between the issues in the will consultation and the present case are "patently clear" or "identical" or "essentially the same".
B. The Issue of Disqualification Under Rule 3.7.
CT Page 10098
Rule 3.7 provides as follows:
 (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
(1) The testimony relates to an uncontested issue;
 (2) The testimony relates to the nature and value of legal services rendered in the case; or
 (3) Disqualification of the lawyer would work substantial hardship on the client.
 (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.
The court finds that no credible evidence has been presented that it is likely Attorney Keefe or any of the members of the law firm of Lynch, Traub, Keefe and Errante will be a necessary witness to this case.
The motion to disqualify is accordingly denied.
Sidney Axelrod, Judge