[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is the plaintiff's motion to modify alimony. The plaintiff is Richard B. Peck, the former husband of the defendant, Janet Peck. The marriage of the parties was dissolved on December 13, 2000. The judgment of dissolution incorporated the terms and provisions of a settlement agreement entered into by the parties on December 13, 2000. That agreement provides that the plaintiff will pay alimony to the defendant in the amount of $285 per week for five years, nonmodifiable as CT Page 12140 to the length of time. The agreement further obligates the plaintiff to quit claim his interest in the marital residence located at 71 Governors Avenue, Milford, Connecticut no later than the date of the decree of dissolution.
On April 18, 2001, the plaintiff filed his motion to modify the alimony award. He claims that, because the defendant received $380,000 from the sale of the property at 71 Governors Avenue, Milford, Connecticut, rather than the $290,000, at which the parties valued the home in December 2000, the circumstances in this case changed substantially. This substantial change in circumstances, the plaintiff maintains, warrants a modification of alimony to one dollar per year.
On August 3, 2001, the defendant filed her brief in opposition to the plaintiff's motion for modification of alimony. The court heard the plaintiff's motion on August 3, 2001.
 DISCUSSION
"Periodic alimony is based primarily on a continuing duty to support. . . . Modification of alimony, after the date of a dissolution judgment, is governed by General Statutes § 46b-86. . . . When . . . the disputed issue is alimony, the applicable provision of the statute is § 46b-86 (a), which provides that a final order for alimony . . . may be modified by the trial court upon a showing of a substantial change in the circumstances of either party. . . . Once there has been a showing of a substantial change, the final order for the payment of alimony may be continued, set aside, altered or modified." (Citations omitted; internal quotation marks omitted.) Grosso v. Grosso, 59 Conn. App. 628, 631,758 A.2d 367, cert. denied, 254 Conn. 938,761 A.2d 761 (2000), citing General Statutes § 46b-86 (a).
The plaintiff argues that the sale of the home, retained by the defendant as part of the judgment of dissolution, four months after the judgment of dissolution for $380,000, constitutes a substantial change of circumstance that requires a downward modification of his alimony payment to the defendant. He cites Bartlett v. Bartlett, 220 Conn. 372, 599 A.2d 14
(1991) in support of his motion. In Bartlett, the court reiterates the rule that "[t]he same criteria that determine an initial award of alimony are relevant to the question of modification, and these require the court to consider, without limitation, the needs and financial resources of each of the parties, as well as such factors as health, age and station in life. General Statutes 46b-82." (Internal quotation marks omitted.)Bartlett v. Bartlett, supra. CT Page 12141
The plaintiff's argument misses the point, however, that before the court considers the criteria to determine modification of an alimony award, the court must first determine that there has been a substantial change in circumstances of one of the parties. Hardisty v. Hardisty,183 Conn. 253, 258-259, 439 A.2d 307 (1981); see also Borkowski v.Borkowski, 228 Conn. 729, 735-736, 638 A.2d 1060 (1994). In the present case, the court finds the defendant's argument in opposition to the plaintiff's motion persuasive. She argues that the sale of the Milford property was exchange of an asset awarded as property in a dissolution decree, and the liquid form of that asset is cash. As such, the defendant argues, the asset cannot be the basis for modification of alimony in the absence of fraud. "Although a dramatic increase in the income of one of the parties may constitute a substantial change in circumstances, an increase in the value of assets ordinarily will not. Hardisty v.Hardisty, 183 Conn. 253, 256-57, 439 A.2d 307 (1981). Only in cases of fraud can a modification be based on an increase in the value of assets."Simms v. Simms, 25 Conn. App. 231, 234, 593 A.2d 161, cert. denied,220 Conn. 911, 597 A.2d 335 (1991).
In their December 13, 2000 financial affidavits, both parties listed the value of the Milford property as $290,000. This amount was based on a valuation done by the city of Milford in October, 2000, which valued the property at $262,000. The plaintiff does not allege that the defendant induced him to value the property by fraudulent means and the evidence supports the defendant's contention that the value placed on the property by the parties was done in good faith reliance on the city's valuation.
Accordingly, the court finds that the defendant was awarded the residence at 71 Governors Avenue, Milford, Connecticut, as property in the dissolution decree. Any money she received from the sale of that property is conversion of an asset. Absent a showing that the plaintiff was induced by fraud to enter into the settlement agreement, incorporated into the judgment of dissolution, the money received by the defendant from the sale of the asset should not be considered income by the court for purposes of assessing whether there has been a substantial change in circumstances requiring modification of the order for alimony. The plaintiff's motion for modification of alimony is, therefore, DENIED.
BY THE COURT
Cutsumpas, J.