*93 OPINION OF THE COURT
John D. Bennett, J.
The coexecutrices herein request that the court go beyond the usual relief available in this proceeding to fix and determine the fee of their former attorney pursuant to SCPA 2110, and in effect charge him for interest and penalties assessed against the estate because of late payment of estate and fiduciary income taxes, and loss of interest for failure to keep estate funds in an interest-bearing account. A hearing in this matter was held and concluded on August 2, 1978.
A review of the entire record discloses that the decedent died on October 1, 1975, leaving a last will and testament dated October 9, 1973, in which she distributed her residuary estate in equal shares to her two sisters, the petitioners herein, and to eight nieces and nephews and one relative by marriage. Three nieces and nephews who are distributees were not named as legatees. The testamentary estate encompassed the decedent’s residence, 19 listed securities, four bank accounts and some personalty, for a total gross estate value of about $227,000. Immediately after the decedent’s death, the petitioners retained an attorney whose firm had represented the decedent’s family for a long period of time. His duties were to represent them in the administration of this estate, including probate of decedent’s will, preparing and filing tax proceedings and terminating the estate by formal or informal means, depending upon the agreement of the parties.
For more than eight months, ostensibly no action was taken to probate the decedent’s will until June 9, 1976, when the probate petition and original will were filed in the court. Although immediately available after death, preliminary letters testamentary were not requested until June 25, 1976. Letters testamentary finally issued to the petitioners on July 29, 1976. The present proceeding to determine the fee of the former attorney was commenced on January 6, 1978, after his dismissal by petitioners as their attorney on or about November 23, 1977, when he apparently refused or was otherwise unable to represent them at the scheduled title closing in the sale of the decedent’s residence. The New York estate tax proceeding was filed by the present attorney for the petitioners on November 13, 1978, and the order fixing tax was signed on February 14, 1979. The temporary payment of estate taxes was not made until December of 1977, more than two years after the decedent’s death, thus subjecting the estate to inter *94 est of 10% per annum on the tax owing to New York and the maximum penalty of 25% plus interest on the tax owing to the IRS.
In their petition, the coexecutrices claimed that their former attorney unduly delayed the probate of the decedent’s will, delayed the payment of the funeral expenses and other just debts, delayed the timely payment of estate and fiduciary income taxes, failed to prepare and file necessary Federal and New York estate and fiduciary income tax returns, failed to conclude the real estate transaction which resulted in his dismissal, delayed the full distribution of the estate assets for more than two years, and caused the loss of interest income on some $55,000 of estate funds for a period of nine months. They further claim that his procrastination or other inability to provide prompt and competent legal services exposed the estate to charges for Federal and State interest and penalties in excess of $15,000 for the late payment of estate and fiduciary income taxes. The petitioners request that he be ordered to refund the advance of $2,000 paid to him in July, 1976 on account of his fees and that a judgment be awarded against him for the full amount of all penalties and interest resulting from the late payment of taxes and the loss of interest income resulting from the deposit of estate funds in a non-interest-bearing account. By affidavit, the former attorney alleges that he expended about 197 hours as the attorney for the petitioners in the administration of this estate. He describes various difficulties incurred in probating the will because one of the out-of-State distributees had to be served with citation by mail and that periods of illness of the petitioners arid himself caused further delays. Some confusion and delay occurred in the sale of the decedent’s residence when it appeared that the actual market value was considerably less than the date of death appraised value, and because the real estate market was somewhat sluggish.. Some of his services were in support of the petitioners’ executorial functions of marshaling assets, paying debts and converting the assets into distributable form, which services are not normally considered in this type of proceeding.
 However, upon all of the papers before the court, the conclusion that the exposure of this estate to sizable charges for interest and penalties from the late payment of estate taxes resulted from the inability of the former attorney tO provide prompt legal services is inescapable. Despite his *95 position to the contrary, the petitioners’ requested relief that the court find their former attorney personally liable for the loss suffered by the estate resulting from his alleged procrastination or other inability to act can be obtained in this proceeding. More importantly, their failure to raise these issues now could realistically be a bar to a subsequent malpractice proceeding (Krimsky v Lombardi, 78 Misc 2d 685, affd 51 AD2d 600). Historically an accounting is filed and objections follow, seeking surcharges against the fiduciary for the charges against the estate for interest and penalties from the late payment of taxes and for the loss of interest income. The accounting fiduciary may then interplead his attorney and seek to recover from him in the form of a malpractice action as part of the accounting proceeding (Matter of Zalaznick, 84 Misc 2d 715). However, the jurisdiction of this court is not so limited that it cannot determine the issues of malpractice of an attorney whose services and competence are relied upon by a lay fiduciary in the administration of an estate. This is not to say that an attorney must guarantee the proper administration of estates and insure against losses. The fiduciary’s qualifications as a lay, corporate or attorney fiduciary may temper the degree of reliance he can place upon his attorney’s promises or ill-advised counsel. A trust officer of a corporate fiduciary or an attorney executor would have objected to the delays of the former attorney in this proceeding in preparing timely estate tax returns and failure to provide effective counsel in planning for the payment of such taxes without losses to the estate and exposing the fiduciary to liabilities. It is clear that the coexecutrices herein relied upon their attorney’s counsel in the estate tax phase of the administration of this estate, by accepting his statement of having obtained an extension to file the Federal and estate tax returns and by withdrawing some $55,000 from the decedent’s savings accounts for the payment of such taxes. It is clear that the loss of interest income and charges of interest and penalties for late payment of taxes resulted from the inaction of the former attorney.
The court notes that the Internal Revenue Service has excused the estate from penalties for the late payment of the estate tax and the 1975 and 1976 fiduciary income taxes, based upon the sworn statement of the former attorney explaining the delays resulting from his illnesses. The parties are directed to supply the court with the computations neces *96 sary to determine the amount the attorney should be charged. If the parties are so advised, an application can be made to reduce the New York State estate interest from 10% to 6%. Following a filing of further papers the court will make a final determination.