[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This case involves a three-car motor vehicle collision in which the front of defendant James S. Dickson, Jr.'s vehicle collided with the rear-end of defendant Emkay, Inc.'s (Emkay) vehicle, causing the front of the latter vehicle to collide with the rear-end of the vehicle in which the plaintiff, Andrea Johnbatiste, was a passenger (plaintiffs vehicle). The third defendant, Cindy J. Granskog, an Emkay employee, was driving Emkay's vehicle. At the time, the plaintiffs vehicle was stopped for a red traffic light at an intersection in Stamford. Granskog stopped her vehicle behind the plaintiffs vehicle, and, while she was stopped, her vehicle was hit from behind by Dickson's vehicle, causing her vehicle to collide with the plaintiffs vehicle. These facts are admitted by the plaintiff, Emkay and Granskog.
On November 15, 2001, the plaintiff filed an amended two count complaint, alleging the above facts. In count one, which is the only count presently at issue, the plaintiff alleges that Granskog was careless and negligent because she (1) operated a motor vehicle that was not equipped with brakes in good working order in violation of Connecticut General Statutes § 14-80h, and (2) failed to properly and reasonably control her vehicle. In the same count, the plaintiff alleges that because Emkay owned the vehicle that Granskog was operating and because she was operating it during the course of her employment with Emkay, Emkay is liable for Granskog's conduct. The plaintiff claims she sustained physical injury in the collision and, as a result, suffered financial and emotional loss.
On June 13, 2002, Granskog and Emkay, the defendants, moved for summary judgment as to count one. They argue that because Granskog was completely stopped behind the plaintiffs vehicle when Dickson struck her vehicle and caused her vehicle to collide with the plaintiffs vehicle, Granskog did not breach any duty, and therefore was not negligent. In support of their motion, the defendants submitted a police report of the incident and an CT Page 13058 affidavit signed by Granskog. The plaintiff has not filed a memorandum or any documentation opposing the motion for summary judgment.
"Summary judgment procedure is designed to dispose of actions in which there is no genuine issue as to any material fact." (Internal quotation marks omitted.) Fraser v. United States, 236 Conn. 625, 639, 674 A.2d 811, cert. denied, 519 U.S. 872, 117 S.Ct. 188, 136 L.Ed.2d 126 (1996). It is a "method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829
(1989).
It is well-established that "[t]he party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Gaynor v. Payne, 261 Conn. 585,590-91 (2002).
The defendants' sole argument is that because Granskog came to a complete stop behind the plaintiffs vehicle, she did not breach any duty to the plaintiff, and therefore, was not negligent. The defendants submitted an affidavit from Granskog in support of their motion.[1] In her affidavit, Granskog attests, that she had stopped her vehicle completely just before the collision, and that without warning, Dickson's vehicle collided with the rear of her vehicle and pushed her vehicle into the rear of the vehicle in which the plaintiff was a passenger. (Defendant's Memorandum, Exhibit B, ¶¶ 3-4.) This evidence is uncontested.
In Rivera v. Flynn, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 95 0319280 (June 7, 1996, Moran, J.), which was factually and procedurally almost identical to this case, a defendant who was also the operator of the middle vehicle in a multi-car collision, moved for summary judgment on the ground that he was completely stopped at the time of the collision and thus was not negligent. As in this case, the plaintiffs and the defendant agreed that he had completely stopped his vehicle behind the plaintiffs' vehicle, and the defendant submitted an affidavit, in which he attested that he had stopped completely, had his foot on the brake and was waiting for the light to change. On the basis of this evidence and because the plaintiffs "failed to present any evidence to [the] court . . . that demonstrates that the CT Page 13059 defendant . . . engaged or failed to engage in any conduct that could be deemed a breach of the standard of care required of a motor vehicle operator," the court granted summary judgment. Id. See also Siciliano v.Lenoue, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. CV 93 013078 (January 12, 1994, Lewis, J.) (under similar facts, the court granted the motion for summary judgment in favor of operator of middle vehicle, because plaintiffs neither alleged any specific facts in the complaint, nor presented any evidence in response to the motion that supported their allegations that defendant was negligent); Tolmazin v. Kautter, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV 91 0396863 (October 29, 1993, Sheldon, J.) (under similar facts, the court granted summary judgment in favor of operator of middle vehicle, because plaintiff did not present evidence that he either caused the collision or was negligent in operating his vehicle).
"It is not enough . . . for the opposing party merely to assert the existence of . . . a disputed issue [of material fact]. Mere assertions of fact. . . are insufficient to establish the existence of a material fact, and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Buell Industries, Inc. v. Greater New York Mutual Ins.Co., 259 Conn. 527, 550, 791 A.2d 489 (2002). Furthermore, summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp., 233 Conn. 732,751, 660 A.2d 810 (1995). "[A] summary disposition. ., should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Internal quotation marks omitted.) Id., 752. "[A] directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Emphasis in original.) Id.
Based on Granskog's attestation that her vehicle was completely stopped before it was struck, and because the plaintiff has neither submitted any evidence to support her allegation that the defendants were negligent, the defendants' motion for summary judgment is granted.
So Ordered.
 ___________________ D'ANDREA, J.T.R.