[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I PROCEDURAL HISTORY
On September 23, 2002 the plaintiffs, John Letizia and Laurie Ann Letizia. filed a seven count amended complaint against the defendants. Edmund Karam, Griggs Browne Company, Inc. and William T. Beazley Company Realtors, seeking damages from Karam alleged breach of a purchase and sale agreement.
Count one (breach of contract) is directed against Karam only: count two (intentional misrepresentation) is brought against all the defendants: count three (negligent misrepresentation) is alleged against Karam and Griggs Browne: count four (breach of covenant of good faith and fair dealing) is brought against Karam: count five (conspiracy) is directed against all defendants: and counts six (tortious interference) and seven (violation of Connecticut Unfair Trade Practices Act [CUTPA]) are alleged against Griggs Browne. Karam now moves for summary judgement as to counts one through five.[1]
The following facts are undisputed and are taken from the plaintiff's response to red cost for admissions and affidavits submitted in support of and in opposition to the motion for summary judgment. On September 12, 2001. the parties entered into a sale and purchase agreement (agreement) whereby the defendant agreed to purchase the plaintiff's real property at 77 Hoyt Lane, Guilford, Connecticut, contingent on a physical inspection of the property. Paragraph 7(a) of the agreement provides that a home inspection will be conducted within seven days from the date of the signing of the agreement. Paragraph 7(b) states that the plaintiffs must be notified of the inspection results within three days after the inspection and paragraph 7(c) provides that the plaintiffs have two days from the date they receive notification of the inspection report to respond. CT Page 557
The plaintiffs' property was inspected on September 17, 2001. On September 19 or 20, 2001, the defendant sent the plaintiffs a copy of the inspection report and a letter notifying them that he wished to withdraw from the agreement because the home inspection report noted numerous problems with the property.[2] The parties are in disagreement over the events that followed the defendant sending and the plaintiffs receiving the home inspection report and the defendant's withdrawal letter.
On October 4, 2002, the defendant filed a motion for summary judgment. In support of his motion, the defendant submits a memorandum of law in support and his own signed and sworn affidavit. The defendant attaches the following exhibits to his affidavit: a copy of the agreement signed by the parties (Exhibit A): a copy of the defendant's withdrawal letter (Exhibit B): a copy of the home inspection report (Exhibit C); a copy of a letter the defendant received from plaintiff John Letizia dated September 27, 2001 (Exhibit D); and a copy of the plaintiffs' response to request for admissions.
On October 18, 2002, the plaintiffs filed a memorandum of law in opposition to me defendant's motion for summary judgment. In support of their opposition, the plaintiffs submit the signed and sworn affidavits of plaintiff John Letizia and Tony Baldelli, the plaintiffs' real estate agent: a copy of the agreement signed by the parties (Exhibit A): a copy of the home inspection report (Exhibit B); a copy of a note from Margot Villecco, the defendant's real estate agent (Exhibit C): and a copy of the defendant's withdrawal letter (Exhibit C).
 II DISCUSSION
"Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted: internal quotation marks omitted. Gaynor v.Payne, 261 Conn. 585, 590-91, ___ A.2d ___ (2002). "As the party moving CT Page 558 for summary judgment. the [movant] is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1v. Insurance Co. of Pennsylvania, 231 Conn. 756, 796, 653 A.2d 122
(1995). "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." (Internal quotation marks omitted.) Great Country Bank v. Pastore, 241 Conn. 423, 436,696 A.2d 1254 (1997). "[T]he `genuine issue' aspect of summary judgment requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred." (Internal quotation marks omitted.) Buell Industries, Inc. v. Greater New YorkMutual Ins. Co., 259 Conn. 527, 556, 791 A.2d 489 (2002). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact. but rather to determine whether any such issues exist."Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988).
The defendant now moves for summary judgment as to all counts brought against him on the ground that there is no genuine issue as to any material fact and he is entitled to judgment as a matter of law because the agreement was canceled. The plaintiffs allege in count one that the defendant is liable for breach of contract. As stated above, paragraphs 7(a), (b) and (c) of the agreement provide that a home inspection will be conducted within seven days from the date of the signing of the agreement. that the plaintiffs must be notified of the inspection results within three days after the inspection and that the plaintiffs have two days from the date they receive notification of the inspection report to respond to it. Further. paragraph I of the agreement states that "[i]f SELLER is unwilling or unable to correct the problem(s) at SELLER'S expense. or other terms satisfactory to both parties cannot be settled on. BUYER may cancel this Agreement and neither party shall have any rights or obligations hereunder. . . ." (Defendant's Motion for Summary Judgment: Defendant's Affidavit. Exhibit A Sale and Purchase Agreement, § 7.)
The defendant argues that he is entitled to summary judgment of count one because he acted according to the agreement provisions by conducting a timely inspection. notifying the plaintiffs of its results, but that the plaintiffs failed to contact him or offer any solution to the problems identified in the home inspection report within the two days permitted in paragraph 7(c) of the agreement. Further, he argues that the agreement was canceled and a mutual release of rights and obligations between the parties took effect pursuant to paragraph I of the agreement when the plaintiffs failed to respond. In support of his argument. the defendant offers his affidavit in which he states that he faxed the plaintiffs the inspection report and a handwritten letter expressing his CT Page 559 wish to withdraw from the agreement on September 19, 2001. (Defendant's Motion for Summary Judgment: Defendant's Affidavit, ¶¶ 12. 13.) Also. in paragraphs eighteen and nineteen of his affidavit, the defendant states that the plaintiffs were unable or unwilling to correct the problems or offer any satisfactory terms to correct the defects identified in the home inspection report. Paragraph twenty-three of the defendant's affidavit concludes that as a result of the plaintiffs noncompliance with paragraph 7(c) and I of the agreement, the agreement was canceled and that the parties were mutually released from any further rights or obligations toward one another and that summary judgment of count one should consequently be granted in his favor.
In opposition to the motion for summary judgment of count one. the plaintiffs argue that they acted in full accordance with the provisions of the agreement by responding to the defendant's inspection report and withdrawal letter within two days after receiving them and therefore no release ever took effect. In support of their argument. the plaintiffs rely on plaintiff John Letizia's affidavit in which he states that immediately after receiving the defendant's withdrawal letter and the home inspection report Baldelli was contacted and made aware that the plaintiffs were willing to make any necessary repairs in order to close on the house. (Plaintiff's Memorandum in Opposition: Letizia Affidavit, ¶¶ 11, 12.) Baldelli states in an affidavit that he then "called and spoke to Margot Villecco. who was Mr. Karam's real estate agent. the same day. I informed her that the Letizia's would fix any problems if they existed." (Plaintiff's Memorandum in Opposition; Baldelli Affidavit, ¶ 10.)
The elements of a breach of contract action are: "(1) the formation of an agreement: (2) performance by one party: (3) breach of the agreement by the other party and (4) damages." (Internal quotation marks omitted.)Grabarek v. J's Construction Masonry, Inc., Superior Court. judicial district of Middlesex at Middletown. Docket No. CV 00 0092444 (July 8, 2002, Shapiro, J.) Both the language and existence of the agreement are not in dispute. The parties do dispute. however, whether the plaintiffs failed to perform in accordance with the terms of the agreement, thereby permitting the defendant to cancel the agreement.
The court finds that because the parties present conflicting evidence as to the plaintiffs' response. if any. to the defendant's inspection report and withdrawal letter, a genuine issue of material fact exists regarding whether the agreement was canceled. Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp. , 233 Conn. 732, 751,660 A.2d 810 (1995). Accordingly, summary judgment is denied as to count CT Page 560 one. Moreover, because the defendant's motion for summary judgment as to counts two, three. four and five is predicated on the disputed fact that the agreement was canceled, the motion for summary judgment as to these counts is also denied.
 III CONCLUSION
The defendant's motion for summary judgment is denied.
BY THE COURT
Peter Emmett Wiese, Judge