[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANIDUM OF DECISION
On June 12, 2000, the plaintiff, Krzysztof Palewicz, filed a one-count revised complaint against the defendant, Zbigniew Mark Korba, doing business as Contempo Remodeling and Painting, alleging that the defendant negligently exposed the plaintiff to a work injury. The complaint arises out of injuries allegedly sustained by the plaintiff when he was exposed to lead paint, lead dust particles and lead fumes while working as a painter during the course of his employment with the defendant.[1] The plaintiff alleges that the defendant knew or should have known that the exposure to lead paint, lead dust particles and lead fumes without proper respirator masks and adequate protection were substantially certain to result in injury to the plaintiff.
On September 16, 2002, the defendant filed a motion for summary judgment on the ground that no genuine issue of material fact exists and he is entitled to judgment as a matter of law because the plaintiff's claim is barred by the exclusivity provision of the Workers' Compensation Act (act). In support of his motion, the defendant filed a memorandum of law with the following exhibits: excerpts of the deposition testimony of Tymonski (Exhibit 1); excerpts of the deposition testimony of the plaintiff (Exhibit 2); an excerpt from Tymonski's supplemental responses to the defendant's nonstandard interrogatories (Exhibit 3); an excerpt from the plaintiff's supplemental responses to the defendant's nonstandard interrogatories (Exhibit 4); a copy of a laboratory report (Exhibit 5); a copy of § 19.26.62 of the Occupational Safety and Health Administration (OSHA) Regulations (Exhibit 6); a copy of laboratory results (Exhibit 7); copies of medical reports (Exhibit 8); the defendant's signed and sworn affidavit and a copy of the defendant's deposition testimony (Exhibit 9); copies of a disclosure report of liability expert, Dean Phillips, written on behalf of the plaintiff and Tymonski, and copies of a letter from Phillips to the attorney representing the plaintiff and Tymonski (Exhibit 10); and a copy of excerpts from the deposition testimony of Phillips (Exhibit 11). CT Page 3533
On October 7, 2002, the plaintiff filed a memorandum of law in opposition to the defendant's motion for summary judgment with the following exhibits: (1) a copy of a judicial notice (JDNO) denying the defendant's motion to strike the plaintiff's complaint; (2) a letter from Phillips to the plaintiff's attorney; and (3) a copy of a notice to the compensation commissioner and employee of the defendant's intention to contest liability to pay compensation.[2]
"Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.)Gaynor v. Payne, 261 Conn. 585, 590-91 (2002). "[T]he `genuine issue' aspect of summary judgment requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred . . . A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Citation omitted; internal quotation marks omitted.) Buell Industries, Inc. v.Greater New York Mutual Ins. Co., 259 Conn. 527, 556 (2002). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500 (1988).
"It is not enough . . . for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Buell Industries, Inc. v. Greater New York Mutual Ins. Co.,supra, 259 Conn. 550. "Requiring the nonmovant to produce such evidence does not shift the burden of proof. Rather, it ensures that the nonmovant has not raised a specious issue for the sole purpose of forcing the case to trial." Great Country Bank v. Pastore, 241 Conn. 423, 436 (1997).
The defendant moves for summary judgment on the ground that no genuine issue of material fact exists and he is entitled to judgment as a matter of law because the plaintiff's claim is barred by the exclusivity provision of the act. The defendant argues that the plaintiff cannot CT Page 3534 recover under the narrow exception to the exclusive remedy rule of the act, the "substantial certainty" exception, as provided in Suarez v.Dickmont Plastics Corp., 229 Conn. 99 (1994) (Suarez I), and Suarez v.Dickmont Plastics Corp., 242 Conn. 255 (1997) (Suarez II), because the defendant did not know "that intentional acts on his part were substantially certain to injure the [plaintiff] . . ." (Defendant's Memorandum of Law in Support of his Motion for Summary Judgment, p. 2.) In response, the plaintiff argues that the defendant's motion for summary judgment should be denied because issues of fact are in dispute regarding whether the defendant knew that intentional acts on his part were substantially certain to result in injury to the plaintiff.
General Statutes § 31-284 exempts employers from liability for civil damages "on account of personal injury sustained by an employee arising out of and in the course of his employment . . ." "The purpose of the [act] . . . is to provide compensation for injuries arising out of and in the course of employment, regardless of fault . . . Under the statute, the employee surrenders his right to bring a common law action against the employer, thereby limiting the employer's liability to the statutory amount . . . In return, the employee is compensated for his or her losses without having to prove liability . . . In a word, these statutes compromise an employee's right to a common law tort action for work related injuries in return for relatively quick and certain compensation . . . The intention of the framers of the act was to establish a speedy, effective and inexpensive method for determining claims for compensation." (Citations omitted; emphasis in original; internal quotation marks omitted.) Doe v. Yale University, 252 Conn. 641,672 (2000).
"[P]ermitting an employee to sue an employer for injuries intentionally caused to him constitutes a narrow exception to the exclusivity of the act . . . Since the legal justification for the common-law action is the nonaccidental character of the injury from the defendant employer's standpoint, the common-law liability of the employer cannot . . . be stretched to include accidental injuries caused by the gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of a conscious and deliberate intent directed to the purpose of inflicting an injury . . . What is being tested is not the degree of gravity of the employer's conduct, but, rather, the narrow issue of intentional versus accidental conduct." (Citations omitted; internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp., supra,242 Conn. 278-79.
To overcome the exclusive remedy rule of the act, the plaintiff CT Page 3535 employee must prove "that the employer actually intended to injure the plaintiff (actual intent standard) or that the employer intentionally created a dangerous condition that made the plaintiff's injuries substantially certain to occur (substantial certainty standard). . . `The substantial certainty test differs from the true intentional tort test but still preserves the statutory scheme and the overall purposes of the act. The problem with the intentional tort test, i.e., whether the employer intended the specific injury, appears to be that it allows employers to injure and even kill employees and suffer only workers' compensation damages so long as the employer did not specifically intend to hurt the worker . . . Prohibiting a civil action in such a case would allow a corporation to `cost-out' an investment decision to kill workers . . . The substantial certainty test provides for the intent to injure exception to be strictly construed and still allows for a plaintiff to maintain a cause of action against an employer where the evidence is sufficient to support an inference that the employer deliberately instructed an employee to injure himself.' "Suarez v. Dickmont PlasticsCorp., supra, 242 Conn. 257-58, quoting Suarez v. Dickmont PlasticsCorp., supra, 229 Conn. 109-10. "Substantial certainty centers on whether the employer believed the injury was substantially certain to follow the employer's acts or conduct . . ." (Emphasis in original; internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp., supra, 280.
In Suarez I, the plaintiff alleged that he was injured while attempting to clean two pieces of machinery and that his injures were "`substantially certain' to follow from his employer's conduct so as to satisfy the narrow exceptions to the exclusivity provisions of the act . . ." Suarez v. Dickmont Plastics Corp., supra, 229 Conn. 101. The court, in reversing the Appellate Court's upholding of the trial's court granting of the defendant's motion for summary judgment, held that the evidence submitted by the plaintiff, which included the plaintiff's own deposition, affidavit and an opinion of a physical engineer, raised "a genuine issue of material fact as to whether the plaintiff's injury was `substantially certain' to follow from his employer's conduct." Id., 101. "[W]hether the actor knows that the consequences of his or her conduct are certain or substantially certain to result from his or her act and still proceeds with the conduct, so that he or she should be treated by the law as though he or she in fact desired to produce the result, is a question of fact for the jury. This case undoubtedly raises an issue of material fact regarding the defendant's conduct toward the plaintiff and the defendant's knowledge that the plaintiff's injury was substantially certain to occur." Id., 111.
In the present case, the defendant asserts that he did not intend to injure the plaintiff nor did he know that the plaintiff's injuries were CT Page 3536 substantially certain to occur as a result of his acts. In support of his argument, the defendant submits his own affidavit in which he avers that "he worked on the same type of paint removal activities" that he asked the plaintiff to undertake and that he "would not have put himself or anyone else at risk through those activities had [he] been aware of the risk." (Korba Affidavit, Exhibit 9, ¶ 7.) The defendant also avers that he worked alongside the plaintiff and was only aware of the dangers associated with the removal of lead paint after an OSHA investigation. (Korba Affidavit, Exhibit 9, ¶ 5.) He further states that any failure on his part to protect the plaintiff from harm was due to his lack of knowledge of the safety requirements and not due to any knowledge on his part that such injury was substantially certain to result. (Korba Affidavit, Exhibit 9, ¶ 12.) The defendant testified at his deposition that he attended a school on lead paint abatement for the first time in 2001. (Exhibit 9, attachment p. 46.)
In opposition, the plaintiff argues that summary judgment is not appropriate in "every substantial certainty case because such cases can involve issues of intent, motive and credibility and only the trier of fact can decide these issues"; (Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment, pp. 2-3); but submits no evidence to refute the defendant's assertions and raise a genuine issue of material fact.
The plaintiff's expert's written report and his deposition testimony (attachment 2, plaintiff's memorandum and defendant's memorandum, attachment 11, p. 59) indicate that the defendant "knew or should have known" that he was violating the OSHA lead paint regulations.
He states that there was no monitoring of the plaintiff or furnishing of appropriate facilities, clothing or equipment. Such deficiencies by the defendant "are not enough to take the resulting injury out of the exclusivity provision of the act." Morocco v. Rex Lumber Co.,72 Conn. App. 516, 525 (2002).
In Stebbins v. Doncasters, Inc., Superior Court, complex litigation docket at Tolland, Docket No. X07 CV99 0072908 (January 16, 2002, Sferrazza, J.), the plaintiffs alleged that they suffered respiratory ailments caused by exposure to airborne petroleum droplets. The plaintiffs further alleged that the defendant repeatedly failed to follow state and federal safety rules.
In reply to a motion for summary judgment, as here, the factual issues raised by the plaintiffs were the defendant's failure to follow recommendations of the University of Connecticut Health Center, failure CT Page 3537 to pass these regulations onto its workforce and the failure to follow safety regulations in the past regarding ventilation and labeling of hazardous materials.
The court granted summary judgment:
The Plaintiffs' submissions may show that the defendant exhibited a lackadaisical or even cavalier attitude toward worker safety, but are bereft of evidence from which one might reasonably and logically infer that the defendant believed its conduct was substantially certain to cause hypersensitivity pneumonitis in these plaintiffs. As noted above, substantial certainty is equivalent to inevitability and is certitude beyond even high probability.
It is not the gravity of the employer's conduct which comes under scrutiny but rather the employer's subjective belief. Suarez v. DickmontPlastics Corp., II, supra at 279. The evidence submitted by the plaintiffs amounts to no more "than a mere failure to provide appropriate safety or protective measures." Suarez v. Dickmont Plastics Corp., supra
at 111. The substantial certainty standard requires a showing that the activity producing the injury to the employee "was intentional or deliberate and the resulting injury, from the standpoint of the employer, was substantially certain to result from the employer's acts or conduct." Ramos v. Branford, 63 Conn. App. 671, 680 (2001).
"Failure to take affirmative remedial action, even if wrongful, does not demonstrate an affirmative intent to create a situation that causes persons injury." Melanson v. West Hartford, 61 Conn. App. 683, 689
(2001). Such delinquencies are not circumstantial evidence of a subjective belief that injury is substantially certain to occur.
There is simply no documentary proof offered from which one might rationally infer that the defendant held the belief that its course of action and inaction would lead, inevitably, to the respiratory illness contracted by these plaintiffs.
"[E]ven with respect to questions of motive, intent and good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact." Wadia Enterprises,Inc. v. Hirschfeld, 224 Conn. 240, 250 (1992). "If the affidavits and other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof." (Internal quotation marks omitted.) AssociatesFinancial Services of America, Inc. v. Sorensen, 46 Conn. App. 721, 732
(1997), appeal dismissed, 245 Conn. 168 (1998). CT Page 3538
Unlike the plaintiff in Suarez I, the plaintiff in the present case has not presented any evidence to refute the defendant's assertion that he did not intend to injure the plaintiff nor did he know with substantial certainty that his actions would result in injury to the plaintiff. "An employer's intentional, wilful or reckless violation of safety standards established pursuant to federal and state laws . . . is not enough to extend the intentional tort exception for the exclusivity of the act . . . The employer must believe the injury was substantially certain to occur." (Citations omitted; emphasis added; internal quotation marks omitted.) Morocco v. Rex Lumber Co., supra, 72 Conn. App. 527-28. No evidence of that sort was presented in the plaintiff's opposition to summary judgment. The plaintiff has failed to "present a factual predicate for his argument in order to raise a genuine issue of fact."Wadia Enterprises, Inc. v. Hirschfeid, supra, 224 Conn. 250. Because the defendant has established that there are no disputed material facts, the court grants the defendant's motion for summary judgment because, as a matter of law, this action is barred by the exclusivity provision of the workers' compensation act.[3]
 SO ORDERED Henry S. Cohn, J.