[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On December 9, 2002, the plaintiff, Nationscredit Commercial Corporation, filed this action against the defendants, Joseph Jameson and Michelle Jameson, seeking a foreclosure of a mortgage on their property in Torrington. On February 5, 2003, the defendants filed an answer admitting the existence of a note executed by the defendants in favor of the original mortgagor and that the defendants are the record owners and in possession of the subject property. The defendants left the plaintiff to its proof on the remaining allegations. On December 24, 2002, the defendants filed a disclosure of defense alleging that the mortgage is rendered unenforceable on account of the breach of contract between the plaintiff and the defendants, the breach of the covenant of good faith and fair dealing, the fraud perpetrated by the original mortgagor and the fraud in the inducement perpetrated by the original mortgagor in the creation and execution of the mortgage. The defense also alleges that the damages associated with the civil conspiracy of the mortgagor with other parties offset and exceed the amount due on the mortgage rendering it unenforceable. The defendants failed to assert any special defenses to this action.[1]
On February 25, 2003, the plaintiff filed this motion for summary judgment along with a memorandum and affidavit on the ground that there are no genuine issues of material fact. On March 6, 2003, the defendants filed a memorandum in opposition to the plaintiff's motion for summary judgment along with an affidavit of Joseph Jameson.
The defendants argue in their memorandum in opposition to the plaintiff's motion that material issues of fact exist as demonstrated by the defendant Joseph Jameson's affidavit, the defendants' answer, special defenses and counterclaim. These proposed special defenses and counterclaim are the subject of an objection by the plaintiff. The court will not consider these proposed pleadings in its determination of this motion. See BD Molded Products, Inc. v. Vitek Research Corp.,25 Conn.L.Rptr. 94 (1999). While the defendants argue that a viable claim CT Page 4053 for breach of contract and breach of the covenant of good faith and fair dealing exists, they do not offer any factual evidence other than a single paragraph in the defendant Joseph Jameson's affidavit in support of these claims. That paragraph does not contain facts sufficient to create an issue of fact as to liability.
"Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Gaynor v. Payne,261 Conn. 585, 590-91 (2002).
Summary judgment may be granted in a foreclosure action if the mortgage is in default and the defendant's special defenses are legally insufficient. See Southbridge Associates, LLC v. Garofalo, 53 Conn. App. 11
(1999). At this time, the defendants have not asserted any special defenses to this foreclosure action. The defendants have failed to provide an evidentiary foundation demonstrating the existence of a genuine issue of material fact. Accordingly, because this mortgage is in default and the defendants have failed to assert any defenses to this action, the plaintiff's motion for summary judgment is granted.
DiPentima, J.