[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On November 13, 2001, the plaintiff commenced this action against the defendants, Todd Reed and his mother, Henrietta Reed, seeking strict foreclosure of a mortgage executed by the defendant Todd Reed in favor of the plaintiff on November 26, 1997. On June 5, 2002, the defendant Henrietta Reed filed an amended answer admitting some and not denying any of the plaintiff's allegations. She also filed seven special defenses and a nine-count cross claim against the defendant Todd Reed. In a separate lawsuit, American Savings Bank v. Reed, Superior Court, judicial district of Litchfield, Docket No. CV 01 0085919, the defendant Henrietta Reed obtained a default judgment against the defendant Todd Reed and was awarded a conveyance of title to the property that is the subject of this action and a monetary judgment against the defendant Todd Reed for the then outstanding balance of the plaintiff's debt.
On February 27, 2003, the plaintiff filed a motion for summary judgment on the grounds that the defendant Henrietta Reed's special defenses and cross claim are now moot and that, alternatively, her special defenses are legally insufficient in a foreclosure action. The motion was accompanied with a memorandum and affidavit. On March 13, 2003, the defendant Henrietta Reed filed a memorandum in opposition to the plaintiff's motion for summary judgment pursuant to Practice Book §17-42, and filed no affidavit.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." (Citations omitted.) Wilson v. NewHaven, 213 Conn. 277, 279 (1989). "Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to CT Page 4252 judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Gaynor v. Payne, 261 Conn. 585, 590-91
(2002).
The plaintiff argues that no genuine issues of material fact remain in the present case because none of the special defenses was directed toward the plaintiff and all of the defendant's allegations against the defendant Todd Reed have been heard and decided in a separate action. Secondly, the plaintiff argues that because the defendant Henrietta Reed has either admitted the truth of the plaintiff's allegations or pleaded insufficient knowledge, she has not established the existence of a genuine issue of material fact.
The plaintiff argues further that none of the defendant Henrietta Reed's special defenses addresses the making, validity or enforcement of the mortgage and are therefore legally insufficient. Rather, the plaintiff argues, these defenses allege fraudulent acts on the part of the defendant Todd Reed and, by virtue of the default judgment in the separate action, these defenses are now moot. The defendant responds that the special defenses do in fact address conduct by the plaintiff.
The court has examined the special defenses. None of the special defenses alleges any facts against the plaintiff nor do they allege any facts attacking the making, validity or enforcement of the note or mortgage. They allege that the defendant Todd Reed fraudulently induced the defendant Henrietta Reed to convey her interest in the subject property to the defendant Todd Reed and plaintiff's interest is subordinate to that of the defendant Henrietta Reed by virtue of either equitable estoppel or unclean hands. These allegations are legally insufficient as special defenses to this action because, in a previous action against her son, the defendant Henrietta Reed obtained title to the subject property and a monetary judgment for the value of the defendant Todd Reed's mortgages on the property and because these special defenses do not attack the making, validity or enforcement of the mortgage. Further, the cross claim does not prevent judgment from entering on the complaint.
Summary judgment may be granted in a foreclosure action if the mortgage CT Page 4253 is in default and the defendant's special defenses are legally insufficient. See Southbridge Associates, LLC v. Garofalo, 53 Conn. App. 11
(1999). The defendant has failed to provide an evidentiary foundation demonstrating the existence of a genuine issue of material fact. Accordingly, because this mortgage is in default and the defendant has failed to assert any legally sufficient defenses to this action, the plaintiff's motion for summary judgment is granted.
DiPentima, J. CT Page 4254